IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEITH HARRIS,                                      :
                          Petitioner,              :
        v.                                         :        CIVIL ACTION
                                                   :        NO. 14-2879
LAWRENCE MAHALLY et al.,                           :
                          Respondents.             :


Jones, II     J.                                          August 22, 2016

## <u>MEMORANDUM</u>

Keith Harris ("Petitioner") has filed counseled objections, (Dkt No. 21 [hereinafter Objs.]), to the Report and Recommendation ("R&R") of the Honorable Marilyn Heffley, United States Magistrate Judge. (Dkt No. 16 [hereinafter R&R].) The Government did not respond to said objections.

Upon consideration of Petitioner's Amended Petition, (Dkt No. 9 [hereinafter Am. Pet.][1]), the Government's Response thereto, (Dkt No. 15 [hereinafter Resp.]), and the full record, the Court overrules Petitioner's objections, adopts and affirms the R&R, and dismisses Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

### I.     Background

#### a.  Underlying Facts

On January 18, 2007, Petitioner was convicted by a jury sitting in the Court of Common Pleas of Philadelphia County of the following offenses:  murder of the third degree, possessing instruments of crime, and conspiracy to commit voluntary manslaughter. On March 2, 2007, the

---

[1] The Court follows the citation format of the R&R. The Amended Petition includes a Memorandum of Law. The complete filing, as docketed on ECF, will be referred to as the "Amended Petition" and pages cited herein will refer to ECF pagination.

Honorable Renée Cardwell Hughes sentenced Petitioner to an aggregate term of 26 to 52 years'
imprisonment.

To describe the underlying facts of the crimes, the Magistrate Court cited to the
Pennsylvania Superior Court's recitation of the facts in its opinion on direct appeal. Petitioner
did not object to the factual recitation recited therein. This Court adopts those facts:

> The victim, Michael "Noochie" Jacques, arrived at an auto repair lot, where he blocked
> Appellant's car from the exit. [(N.T. 1/10/07 39-42, 150; N.T. 1/11/07 107.)] Appellant
> and Jacques began to argue, at which point Appellant brandished a gun. [(N.T. 1/10/07
> 14, 152.)] When the owner of the lot prepared to call 9-1-1, Appellant claimed he would
> engage in only a fist-fight and put the gun in his pocket. [(N.T. 1/10/07 27, 159-60.)]
> Appellant and Jacques fought for several minutes before they separated and took a break.
> [(N.T. 1/10/07 29.)] Each of them made a phone call, then continued the fight. [(N.T.
> 1/10/07 29, 31.)] Appellant brandished the gun again, when a third person arrived. [(N.T.
> 1/10/07 32, 39-40, 49.)] Appellant and the third person began to beat Jacques's head with
> pistols. [(N.T. 1/10/-07 39-40.)] Jacques cried out repeatedly, at which point several
> gunshots were fired. [(N.T. 1/10/07 42, 158.)] As Jacques fell to the ground, the gunshots
> continued. [N.T. 1/10/07 45.)] Appellant and the third person tried to place Jacques's
> body in the trunk of a car, but were interrupted by the arrival of police. [(N.T. 1/11/07
> 33.)] Appellant fled in his car, while the third person fled on foot. [(N.T. 1/10/07 50;
> 1/11/07 6.)]
>
> Police recovered casings from two 9-mm handguns and a .40-caliber handgun. Jacques
> suffered nine gunshot wounds, seven of which were perforating wounds, i.e. wounds that
> passed through his body, one of which was penetrating, and one of which was a graze
> wound. [(N.T. 1/11/07 64-67.)] The penetrating wound was determined to come from a
> .40-caliber handgun. [(N.T. 1/11/07 58, 72.)] Jacques's body also had a .40-caliber bullet
> jacket, an unidentifiable-caliber copper alloy bullet jacket fragment, and an
> unidentifiable-caliber, copper-alloy fragment. Appellant managed to escape the police
> and fled Philadelphia. He stayed in touch with his friend, Delroy Scott a/k/a Everett
> Williams ("Scott") in Philadelphia, however. [(N.T. 1/11/07 108, 114-15, 122.)]
>
> Appellant admitted to Scott that he "licked [Noochie] down[.]" [(N.T. 1/11/07 108.)]
> Scott testified that "licked down" is Jamaican slang for killing someone. [(N.T. 1/11/7
> 108.)] Appellant stopped communicating with Scott upon Scott's arrest for an unrelated
> crime. Police, however, eventually apprehended Appellant in Florida. [(N.T. 1/12/07 136,
> 138, 145.]

(R&R at 2 (quoting *Com. v. Harris*, No. 1234 EDA 2007, slip op. at 2 (Pa. Super. Ct. Mar. 17,
2010) (internal footnotes omitted.)) Petitioner was represented by Gerald A. Stein during his trial
and direct appeal (hereinafter "Trial Counsel" and "Appellate Counsel").

### b.   Motion for Judgment of Acquittal and Direct Appeal

On March 8, 2007, Trial and Appellate Counsel filed a Motion for Judgment of Acquittal. (Pet'r's Mot. for Judgment of Acquittal, 1, Mar. 8, 2007.) On April 5, 2007, Judge Cardwell Hughes denied Petitioner's Motion without a hearing. *Com. v. Harris*, CP-506-96, slip. op. at 1 (Ct. Com. Pl. Apr. 5, 2007).

On May 3, 2007, Trial and Appellate Counsel filed a timely direct appeal to the Pennsylvania Superior Court. (Pet'r's Notice of Direct Appeal, May 3, 2007.) On July 6, 2007, Petitioner filed a Statement of Matter Complained of on Appeal and raised nine issues. (Pet'r's 1926(b) Statement of Matter Complained on Direct Appeal, ¶¶ 1-9, July 6, 2007.) On July 11, 2008, the Trial Court issued an Opinion requesting that Petitioner's nine claims be dismissed and the conviction and sentence be affirmed. *Com. v. Harris*, 1233 EDA 2007 (Ct. Com. Pl. July 11, 2008). On March 17, 2010, the Superior Court denied all of Petitioner's claims as meritless. *Com. v. Harris*, 1233 EDA 2007, slip op. at 16 (Sup. Ct. March 17, 2010). On September 28, 2010, the Supreme Court of Pennsylvania denied Petitioner's appeal. *Com. v. Harris*, 178-179, EAL 2010, slip op. at 1 (Pa. Sept. 28, 2010).

### c.   Petitioner's Pennsylvania Post Conviction Relief Act Suit

Barnaby C. Wittels, Esq. (hereinafter "PCRA Counsel" and "Habeas Counsel"), timely filed a petition on behalf of Petitioner for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*[2] (Pet'r's PCRA Pet., ¶¶ 1-16. Sept. 26, 2011 [hereinafter PCRA Pet.].) Petitioner raised three claims:

a. Ineffective assistance of counsel: failure to promptly investigate, Interview [*sic*] and call as defense witnesses. Counsel appears not to have done any investigation and only on the eve of trial had photographs taken of the scene. As a result and despite the fact that

---

[2] The R&R incorrectly stated that the PCRA Petition was filed *pro se*. (R&R at 3.) Review of the record reveals that the PCRA Petition was filed by Mr. Wittels. Pet'r's PCRA Pet., 2, Sept. 26, 2011.

the incident took place in broad daylight in a neighborhood where there was foot traffic and many residences the defense never interviewed nor did it call any eyewitnesses to testify to bolster the defense that Petitioner was not the shoot [*sic*] and did not instigate nor did he direct the incident. While the Commonwealth called an off duty police officer (Officer Anthony Gamble) who lived in the neighborhood and who witnessed the aftermath of the shooting the defense was left without a witness to the incident thus placing Petitioner at a decided disadvantage.

b. Ineffective assistance of counsel, to wit; the failure of trial Counsel [*sic*] to investigate the background, prior crimes and other significant fact [*sic*] about the crucial witness Delroy Scott a/k/a " Everett Williams. [*sic*] Mr. Scott/Williams who was also a defendant in a federal criminal case. [*sic*] Mr. Scott /Williams provided critical testimony, i.e. that after the incident Petitioner told him that he had had to "lick down" the deceased in this case and that in Jamaican patois "lick down" meant to kill someone. Trial counsel failed to investigate this witness, choosing instead to accept the Commonwealth's representations as to whom he was[,] what named used and what his criminal background was. This despite the fact that Mr. Scott/Williams was obviously a man of many identities who had no doubt been involved in multiple criminal episodes.

c. Ineffective assistance for failing to consult an expert in Jamaica Dialect [*sic*] and "slang" to determine the true meaning of "lick down" choosing instead to accept the meaning given in by a very slippery and somewhat dubious witness who had everything to gain from testifying against Petitioner and very little to loose [*sic*]. Petitioner, who is of Jamaica origin himself understand [*sic*] the phrase "like [*sic*] down" to mean to fight and not to kill.

(Pet'r's PCRA Pet., ¶ 7.) Petitioner also alleged that he was actually innocent. (Pet'r's PCRA Pet., ¶ 7. ) The Commonwealth filed a Motion to dismiss Petitioner's PCRA Petition without a hearing. (Com.'s Motion to Dismiss Pet'r's PCRA Pet., Feb. 15, 2012.) The Honorable Gwendolyn Bright, Philadelphia Court of Common Pleas, provided notice to Petitioner pursuant to Pennsylvania Rule of Criminal Procedure 907 of the Court's intent to dismiss the PCRA Petition without a hearing. *Com. v. Harris*, Not. of Intent to Dismiss (Ct. Com. Pl. May 23, 2012). Petitioner filed objections to the Notice, reiterating his three claims. (Pet'r's Objs. to Not. of Intent to Dismiss, 1, June 11, 2012.) Judge Bright dismissed the PCRA Petition without a hearing and without an opinion. *Com. v. Harris*, slip op. (Ct. Com. Pl. Jul. 10, 2012).

Petitioner timely filed an appeal of the dismissal. (Pet'r's Not. of App., July 24, 2012.) In Petitioner's Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania

4

Rule of Appellate Procedure 1925(b), Petitioner appealed all three claims alleged in his initial PCRA Petition. (Pet'r's PCRA 1925(b) Statement, Aug. 13, 2012.) Judge Bright recommended that the dismissal of the PCRA Petition be affirmed. *Com. v. Harris*, 2161 EDA 2012, slip op. at 8 (Super. Ct. Nov. 16, 2012). The Superior Court of Pennsylvania found that Petitioner's three claims were meritless and affirmed the dismissal of Petitioner's PCRA Petition without a hearing. *Com. v. Harris*, 2161 EDA 2012, slip op. at 1 (Super. Ct. Oct. 18, 2013).[3] The Supreme Court of Pennsylvania denied Petitioner's appeal. *Com. v. Harris*, 593 EAL 2013, slip op. at 1 (Pa. Apr. 16, 2014).

### d.  Petitioner's Habeas Claims

Petitioner timely filed a *pro se* habeas petition. (Pet'r's Habeas Pet., May 19, 2014, Dkt No. 1.) PCRA and Habeas Counsel filed an Amended Petition. (Pet'r's Am. Habeas. Pet. [hereinafter Am. Pet.], Nov. 21, 2014, Dkt No. 8.) Petitioner raised two claims: (1) "Petitioner has been denied due process by the failure of the PCRA Court to afford him an evidentiary hearing and by the appellate courts [*sic*] affirmance of the PCRA Court's dismissal of his Petition as without merit," (Am. Pet. at 8); (2) Trial and Appellate Counsel was ineffective for (a) failing to investigate and locate witnesses who could corroborate Petitioner's story and/or to raise this issue on direct appeal, (b) failing to investigate Delroy Scott and/or to raise this issue on direct appeal, and (c) failing to consult an expert in Jamaican "patois" or slang to find out if the term to "lick down" meant to kill as Delroy Scott testified and/or raise this issue on direct appeal. (Am. Pet. at 20-21.)

---

[3] Of note, the Superior Court stated that Petitioner argued that he also submitted an actual innocence and *Brady v. Maryland*, 373 U.S. 83 (1963) claims. *Com. v. Harris*, 2161 EDA 2012, slip op. at 4 (Super. Ct. Oct. 18, 2013). The Superior Court found these claims waived due to Petitioner's failure to include such claims in his PCRA 1925(b) Statement. *Id.* at 4 n. 1. This Court notes that the record before it does not contain any filing or transcript wherein Petitioner made such arguments as to the innocence and *Brady* claims. This Court relies on the representation of the Superior Court that Petitioner in fact raised these two claims subsequent to his PCRA 1925(b) Statement.

###### e.   Magistrate Court's Report and Recommendation and Petitioner's Objections

Magistrate Judge Heffley recommended that Petitioner's claims be dismissed without an evidentiary hearing. (R&R at 1.) Magistrate Judge Heffley found that Claim One was non-cognizable because Petitioner was asking the Court to re-examine the state court's determination of a state law question. (R&R at 8.) Further, Magistrate Judge Heffley found that Claim Two's three ineffective assistance of counsel claims were all meritless. (R&R at 9-14.) Having found all claims to be non-cognizable or meritless, Magistrate Judge Heffley denied Petitioner an evidentiary hearing. (R&R at 14 n. 10.) Petitioner timely filed objections, arguing that (1) Claim One was cognizable, (Objs. at 1-3), and (2) the ineffective assistance of counsel claims all had merit. (Objs. at 3-5.) The Commonwealth did not respond.

## II.  Legal Standards

### a.   Standard of Review

When objections are filed to the R&R of a Magistrate Judge, the District Court must review *de novo* those portions of the R&R to which objection is made. 28 U.S.C. §636(b)(1). The Court reviews those portions of the R&R to which objection were taken *de novo*. As for the portion of the R&R to which no objection was made, the Court reviews the R&R for clear error.

### b.   Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241-66 ("AEDPA") deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from such state custody on the grounds that certain rights accruing to that

6

prisoner pursuant to the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from state custody. *Benchoff v. Colleran*, 404 F.3d 812 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).

By means of AEDPA, Congress also created a series of intentionally restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus. The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. One such gate-keeping procedure is the requirement of exhaustion. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. § 2254(b)(1); *see also Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)) ("[A] district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court."). Petitioner must have "fairly presented" the federal habeas claims to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Evans v. Court of Common Pleas, Delaware County, Penn.*, 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). A petitioner in Pennsylvania must appeal such claims to the Pennsylvania Superior Court. *Whitney v. Horn*, 280 F.3d 240, 250 n. 10 (3d Cir. 2002).

Petitioner carries the burden of proving exhaustion. *Coady*, 251 F.3d at 488 (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

Where a claim was not exhausted in state court, and is now past the statute of limitations, it is said to be procedurally defaulted. To bring a procedurally defaulted claim in federal proceedings, Petitioner must demonstrate either (a) cause for the default and actual prejudice arising from the alleged violation of federal law, or that (b) failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). First, to establish the "cause" requirement, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). To establish the "prejudice" requirement, Petitioner must prove "not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting this entire trial with error of constitutional dimensions." *Id.* at 193. Second, to establish a fundamental miscarriage of justice, Petitioner must demonstrate actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-32 (1995).

### c. Merits Review

Where Petitioner's claims were adjudicated on the merits in state court, the AEDPA deference standard applies to this Court's review of the merits determination. *Rolan v. Coleman*, 680 F.3d 311, 321 (3d Cir. 2012). The AEDPA limits federal habeas review of state court judgments. *Werts*, 228 F.3d at 195. A petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). When a claim has been adjudicated on the merits in state court, federal habeas review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-99 (2011).

### d. Ineffective Assistance of Counsel

The Sixth Amendment right to counsel "is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prove that counsel was ineffective, Petitioner must establish that (1) counsel's performance was constitutionally deficient, and (2) that deficiency prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance "requires showing that counsel made errors so serious that he or she was not functioning as the 'counsel guaranteed to the defendant by the Sixth Amendment.'" *Id.* In essence, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Id.* at 688. Petitioner must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 690 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Prejudice requires showing that counsel's errors were serious enough to deprive the defendant of a fair trial. *Id.* at 687.

### III. Discussion

#### a. Petitioner's Objection to the R&R's recommendation regarding Claim One is overruled. On *de novo* review, the Court finds that Claim One is not cognizable for federal habeas review and is meritless. The R&R is affirmed.

Claim One argues that the PCRA Court violated Petitioner's due process rights when it denied him an evidentiary hearing and when the Superior Court summarily affirmed such denial. (Am. Pet. at 19-20.) Petitioner argues that due process entitles him to "the right to be heard, to present evidence and to have an impartial tribunal weigh the evidence upon which the Petitioner

9

relies." (Am. Pet. at 20.) Magistrate Judge Heffley recommends that Claim One is not a

cognizable claim for federal habeas review because the claim improperly (1) asks the Court to

re-evaluate a state court's decision on state law grounds and (2) asks the Court to grant habeas

relief for an error stemming from Petitioner's PCRA petition. On *de novo* review, this Court

agrees. Further, assuming *arguendo*, that Claim One was cognizable, the Court finds it meritless.

First, Petitioner is asking this Court to find that a state court violated state law. "[F]ederal

habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780

(1990).  "[I]t is not the province of federal habeas court to reexamine state-court determinations

on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Priester v.*

*Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004). "[A] federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 382 F.3d at

68 (internal citations omitted). This standard is codified in Section 2254(a):

> [A] district court shall entertain an application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "The issue of whether a PCRA petitioner is entitled to an evidentiary

hearing is a question of state law" that is not cognizable on federal habeas review. *Molina v.*

*Lawler*, 2008 WL 5054558, at *10 (E.D. Pa. 2008). Even though Petitioner couches the claim as

a constitutional violation of his due process rights, the claim is properly construed as a question

of state law. *See, e.g.*, *Bender v. Wynder*, 2006 WL 1788350, at *10 (E.D. Pa. 2006). This federal

court cannot re-evaluate the PCRA Court's decision to deny Petitioner an evidentiary hearing.

Second, Petitioner's claim is asking the Court to grant habeas relief for a putative error

during Petitioner's PCRA case. Federal habeas relief can only be granted for claims related to

what actually occurred in the state proceeding that led to Petitioner's conviction, and the direct

appeal thereafter. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). "[A]lleged

errors in collateral proceedings…are not a proper basis for habeas relief from the original

conviction. It is the original trial that is the 'main event' for habeas purposes." *See Lambert v.*

*Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *see also Hassine*, 160 F.3d at 954 ("[W]hat

occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.")

(emphasis in original). Petitioner's claim that the PCRA Court failed to conduct an evidentiary

hearing concerns Petitioner's collateral proceedings and is, thus, not cognizable for federal

habeas review. *See, e.g.*, *Ramos v. Collins*, 2013 WL 5429267, at *5 (E.D. Pa. 2013); *Bender*,

2006 WL 1788350, at *10.

Assuming *arguendo* that Claim One was cognizable, the Court also finds that it is

entirely meritless. Pennsylvania Rules of Criminal Procedure 907(1) and 908(A)(2) provide

protection for the same rights that Petitioner alleges were violated:

> the judge shall promptly review the petition, any answer by the attorney for the
> Commonwealth, and other matters of record relating to the defendant's claim(s). If the
> judge is satisfied from this review that there are no genuine issues concerning any material
> fact and that the defendant is not entitled to post-conviction collateral relief, and no
> purpose would be served by any further proceedings, the judge shall give notice to the
> parties of the intention to dismiss the petition and shall state in the notice the reasons for
> the dismissal. The defendant may respond to the proposed dismissal within 20 days of the
> date of the notice. The judge thereafter shall order the petition dismissed, grant leave to
> file an amended petition, or direct that the proceedings continue.
>
> ***
> Except as provided in Rule 907, the judge shall order a hearing…when the petition for
> post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact.
> However, the judge may deny a hearing on a specific issue of fact when a full and fair
> evidentiary hearing upon that issue was held at trial or at any proceeding before or after
> trial.

Pa. R. Crim. P. 907(1), 908(A)(2). Petitioner has pointed to absolutely no issues of material fact

that would have required an evidentiary hearing. Further, as discussed below, Petitioner has

failed to support any claim that Petitioner was entitled to post-conviction collateral relief. As

such, even if this claim was cognizable – which it is not – Petitioner has failed to state a claim for a violation of his due process rights.

Petitioner fails to address either of the cognizability issues and instead encourages the Court to consider irrelevant points of authority. First, Petitioner cites to *Commonwealth v. Bronaugh*, 447 Pa.Super. 522 (Super. Ct. 1995). (Objs. at 1.) This case is wholly inapplicable. Quite obviously, this Pennsylvania Superior Court case about a PCRA appeal in no way addresses the issue that federal habeas review does not permit claims that either require a federal court to re-evaluate a state court's determination of state law or concern collateral proceedings. Moreover, the factual scenario in *Bronaugh* is completely inapposite the facts here:

> This case presents the issue whether a court may dismiss a PCRA petition without first granting a hearing to determine whether an appellant's constitutional right to a direct appeal was violated by counsel's failure to file such appeal when requested, where the appellant has never had a direct appeal and claims ineffective assistance of prior counsel for not challenging the propriety of sentencing, where the appellant allegedly directed prior counsel to file such an appeal. We hold that an evidentiary hearing is required *in this situation*.

447 Pa.Super. at 526 (emphasis added). This is not the situation before this Court as Petitioner took a direct appeal. Thus, *Bronaugh* both fails to address the actual reason why Magistrate Judge Heffley suggested dismissal and is not applicable to the facts of this case.

Second, Petitioner cites to Pennsylvania Rule of Criminal Procedure 907(1) and 908(A)(2) to demonstrate that the PCRA Court erred in denying the evidentiary hearing. The very existence of these rules is the reason why Claim One is not cognizable for federal habeas review. The PCRA Court's decision to deny Petitioner an evidentiary hearing was based on the PCRA Court's application of Rules 907 and 908 (state procedural rules). Thus, this Court's evaluation of Claim One would require the Court to re-evaluate a state court's application of state law. Moreover, as previously addressed, Petitioner has not shown that the PCRA Court or the Superior Court violated these rules in any way.

Third, Petitioner cites to *Villot v. Varner*, 373 F.3d 327, 334 (3d Cir. 2004) and *St. Pierre v. Cowan*, 217 F.3d 939, 949 (7th Cir. 2000). Both cases concern the procedural default rule, an application of the independent and adequate state ground doctrine. Under this doctrine, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Villot*, 373 F.3d at 334 (quoting *Coleman*, 501 U.S. at 729-30). The procedural default doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, that state judgment rests on independent and adequate procedural grounds." *Coleman*, 501 U.S. at 729. This doctrine does not apply to this case. In this case, this Court is being asked to review a question of *state* law decided by a state court, not a question of *federal* law decided by a state court on state law grounds. Moreover, neither case relates to the issue of evidentiary hearings. Rather, *St. Pierre* concerns the enforceability of an appellate waiver and *Villot* concerns the validity of a guilty plea. *Villot*, 373 F.3d at 332-35; *St. Pierre*, 217 F.3d at 945-51. Petitioner never pled guilty nor waived his appellate rights. These cases are inapplicable.

Finally, Petitioner cites to *Schlup v. Delo*, 513 U.S. 298 (1995). Under *Schlup*, procedural default may be excused where the failure to hear the habeas claim would constitute a fundamental miscarriage of justice due to the petitioner's actual innocence. *Id.* at 314-17. This case is inapplicable here. The Magistrate Court's holding does not rest on Claim One being procedurally defaulted. Rather, the holding rests on the lack of cognizability of the claim.

In conclusion, the Court overrules Petitioner's objections on the grounds that Claim One is not cognizable, and even if it was, it is meritless. The Court adopts and affirms the R&R.

**b. Petitioner's Objections to the R&R's recommendation regarding Claim Two are overruled. On *de novo* review, the Court finds that the three ineffective assistance of counsel claims under Claim Two are meritless. The R&R is affirmed.**

**i. Petitioner's claim that Trial Counsel was ineffective for failing to investigate, interview, and call potential witnesses is meritless.**

Petitioner alleges that Trial Counsel was ineffective for failing to investigate, interview, and call potential witnesses to the incident. (Am. Pet. at 20-21.) As a preliminary matter, this claim is properly exhausted. Petitioner appealed this claim to the Pennsylvania Superior Court during his PCRA proceedings. (Pet'r's PCRA 1925(b) Statement.) As such, this claim may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) "the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The Magistrate Court found that the Superior Court had not erred in either way in finding this claim to be meritless. (R&R at 9-11.) Petitioner objects that "[a] prompt investigation would have located witnesses who could corroborate Petitioner's story." (Objs. at 3.) Reviewing *de novo*, the Court finds that the Superior Court opinion was not contrary to federal law and was not an unreasonable determination of the facts.

The Superior Court's ineffective assistance of counsel standard did not contradict the applicable federal standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Com. v. Harris*, 2161 EDA 2012, slip op. at 3 (Super. Ct. Oct. 18, 2013) (citing *Com. v. Cox*, 983 A.2d 666, 678 (Pa. 2009)); *c.f. Moore v. Diguglielmo*, 489 F. App'x 618, 625 (3d Cir. 2012) (non-precedential). The Superior Court's analysis addresses both prongs of *Strickland*. Under

*Strickland*, Petitioner must show that (1) counsel's performance was constitutionally deficient, and (2) that deficiency prejudiced Petitioner. 466 U.S. at 687. First, the Superior Court found that counsel's performance was not constitutionally deficient. *Com. v. Harris*, 2161 EDA 2012, slip op. at 5 (Super. Ct. Oct. 18, 2013). The Superior Court explained the legal standard it applied as such:

> Counsel will not be deemed ineffective for failing to call a witness unless the PCRA petitioner demonstrates: (1) The witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Com. v. Harris*, 2161 EDA 2012, slip op. at 4 (Super. Ct. Oct. 18, 2013) (citing *Com. v. Clark*, 961 A.2d 80, 90 (Pa. 2008)). The Superior Court explained that Petitioner "failed to identify the witness(es) he claims counsel was ineffective for not investigating, and calling to testify, and he further failed to establish that the witness(es) were available, prepared to cooperate, and would testify on Appellant's behalf." *Com. v. Harris*, 2161 EDA 2012, slip op. at 5 (Super. Ct. Oct. 18, 2013) (quoting *Com. v. Harris*, 2161 EDA 2012, slip op. at 8).

As to the failure to call witnesses, the Trial Court recited a colloquy for Petitioner on the right to call witness, and Petitioner testified that he did not wish to call any witnesses:

> COURT:     Mr. Harris, you have the right to present evidence. You are not required to present evidence, and I know you have been paying very close attention. You heard me tell this jury that they would have to decide whether a crime has been committed and you had committed the crime even if you chose to do nothing. So you have this right.
>
> Having discussed the pros and cons of calling witnesses or not calling witnesses – you have discussed that with Mr. Stein, right?
>
> DEFENDANT:     Yes, ma'am.
>
> COURT:     And you have made a decision as to whether you wish to call any witnesses in this case?
>
> DEFENDANT:     No.

COURT:            You do not wish to call any witnesses?

DEFENDANT:     No.
(N.T. 1/16/07 5-6.)

Second, the Superior Court found that Petitioner failed to establish prejudice because he did "not provide any argument as to how the testimony of the uninterviewed witness would have been beneficial under the facts of this case." *Com. v. Harris*, 2161 EDA 2012, slip op. at 5.

On *de novo* review, the Court finds that the Superior Court did not unreasonably apply *Strickland* or the facts before it in determining that Trial Counsel was not ineffective. Petitioner raises no reason to disturb the Magistrate Court's holding in his Objections. Petitioner has not named a potential witness that Trial Counsel failed to interview. Rather, Petitioner continues to argue that "witnesses who could corroborate Petitioner's story" could exist. However, Petitioner has no proof that such witnesses do exist, other than his argument that the events took place "in daylight and out in the open." (Objs. at 3.) This is not sufficient. Moreover, Petitioner has failed to show that he suffered any prejudice from the failure to find other witnesses. He has presented no evidence that any other witness exists, let alone a witness who would corroborate his story. Of note, Anthony Harvey and Francis Purcell witnessed the incident and neither corroborate Petitioner's story. (N.T. 01/10/07 5-138, 213-228.)

In conclusion, the Superior Court correctly found this claim to be meritless. Petitioner's objections are overruled and the R&R is adopted and affirmed.

### ii.  Petitioner's claim that Trial Counsel was ineffective for failing to investigate prosecution witness, Delroy Scott, is meritless.

Petitioner alleges that Trial Counsel was ineffective for failing to investigate prosecution witness, Delroy Scott. (Am. Pet. at 21.) As a preliminary matter, this claim is properly exhausted. Petitioner appealed this claim to the Pennsylvania Superior Court during his PCRA proceedings.

16

(Pet'r's PCRA 1925(b) Statement.) Judge Bright addressed this claim. *Com. v. Harris*, 2161 EDA 2012, slip op. at 6 (Super. Ct. Nov. 16, 2012). The Superior Court did not address this claim. *Com. v. Harris*, 2161 EDA 2012, slip op. (Super. Ct. Oct. 18, 2013.) Given that this claim was raised in Petitioner's 1925(b) Statement, the Court considers the Superior Court's silence to reflect an affirmation of Judge Bright's holding. As such, this claim is exhausted.[4]

This claim may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) "the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Reviewing *de novo*, the Court finds that the Superior Court's affirmation of Judge Bright was not contrary to federal law and was not an unreasonable determination of the facts.

Judge Bright's stated ineffective assistance of counsel standard did not contradict *Strickland*. *Com. v. Harris*, 2161 EDA 2012, slip op. at 4-5 (Super. Ct. Nov. 16, 2012) (citing *Com. v. Loner*, 836 A.2d 125 (Pa. Super. 2003); *Com. v. Payne*, 794 A.2d 902 (Pa. Super. 2002)). First, Judge Bright held that Petitioner failed "to demonstrate or offer proof of undisclosed background or prior criminal conviction information relating to Delroy Scott that trial counsel failed to investigate and present." *Com. v. Harris*, 2161 EDA 2012, slip op. at 6 (Super. Ct. Nov. 16, 2012) (citing N.T. 1/11/07 135-50). Second, Judge Bright held that Petitioner did not show that he had suffered any prejudice. The Court explained: "the Record reflects that during cross-examination trial counsel questioned this Commonwealth witness

---

[4] The Magistrate Court found that it was unclear whether this claim was exhausted. Pursuant to 28 U.S.C. § 2254(b)(2), the Magistrate reviewed this claim solely on the merits. (R&R at 11 n. 8.) The analysis performed by the Magistrate Court is similar to the analysis conducted herein.

regarding his previous use of aliases, fake birth dates, and social security numbers, and his previous contacts with the law." *Id.* (citing N.T. 1/11/07 135-50.)

The Court finds no error of law or application of fact in these conclusions. Petitioner has failed to present any evidence that there was any information yet to be discovered about Mr. Scott. As with his last claim, Petitioner has only conjecture to support his claim. Most importantly, there is no evidence that Petitioner suffered any prejudice because Trial Counsel fully cross-examined Mr. Scott about his past nefarious activities. This claim is meritless. The Court overrules Petitioner's objections and affirms the R&R.

### iii. Petitioner's claim that Trial Counsel was ineffective for failing to call an expert on Jamaican *patois* or Jamaican slang is meritless.

Petitioner alleges that Trial Counsel was ineffective for failing to call an expert witness in Jamaican *patois* or Jamaican slang to elicit expert testimony about the definition of "lick down." (Am. Pet. at 21, 31-32.) As a preliminary matter, this claim is properly exhausted. Petitioner appealed this claim to the Pennsylvania Superior Court during his PCRA proceedings. (Pet'r's PCRA 1925(b) Statement.) The Superior Court addressed this claim. *Com. v. Harris*, 2161 EDA 2012, slip op. at 5-6 (Super. Ct. Oct. 18, 2013.)

This claim may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) "the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The Magistrate Court found that the Superior Court had not erred in either way in finding this claim to be meritless. (R&R at 12-14.) Reviewing *de novo*, the Court finds that the Superior Court's holding was not contrary to federal law and was not an unreasonable determination of the facts.

The Superior Court's stated ineffective assistance of counsel standard did not contradict

*Strickland*. *Com. v. Harris*, 2161 EDA 2012, slip op. at 3 (Super. Ct. Oct. 18, 2013) (citing *Cox*,

983 A.2d at 678). The Superior Court explained the legal standard it applied as such:

> When a defendant claims that some sort of expert testimony should have been introduced
> at trial, the defendant must articulate what evidence was available and identify the
> witness who was willing to offer such evidence.

*Com. v. Harris*, 2161 EDA 2012, slip op. at 3 (Super. Ct. Oct. 18, 2013) (citing *Com. v.*

*Williams*, 640 A.2d 1251, 1265 (Pa. 1994)). First, the Superior Court found that Petitioner had

failed to proffer any expert or to show what said unidentified expert's testimony would have

been. *Id.* at 6. Thus, the Superior Court found, Trial Counsel was not ineffective for failing to

produce an expert that did not exist. Second, the Superior Court found that Petitioner suffered no

prejudice because "trial counsel adequately explored the alternative meaning of the term with

[Mr. Scott] on cross-examination." *Id.*

The Court finds that the Superior Court committed no error of law or application of fact.

The cross-examination of Mr. Scott fulfilled the same purpose as the putative testimony of an

expert. Petitioner argues in his Objections that it was Mr. Scott's "interpretation of Jamaican

slang that formed the basis, however tenuous, for the assertion that Petitioner [committed the

crimes.]." (Objs. at 5.) Mr. Scott testified that Petitioner told him that he "licked [Noochie]

down" and that "lick" or "licked" "down" was Jamaican slang for killing someone. (N.T. 1/11/7

108.) However, Mr. Scott's "interpretation" of "lick down" also included a lengthy cross-

examination where he explained that "lick down" could have multiple meanings:

| Question: | Is ["lick down"] a Jamaincan [*sic*] expression? |
|---|---|
| Answer: | Yes. |
| Question: | In other that is like a slang term, is that right, "lick him down". |
| Answer: | Yes. |

| Question: | So you interpreted that 'lick him down' to mean kill, is that right? |
|---|---|
| Answer: | Yes. |
| Question: | Now, the word 'lick' as a slang Jamaican term can also mean hit somebody, is that correct? |
| Answer: | Yes. |
| Question: | Or beat somebody, is that right? I am going to give him a licking or I am going to lick him? |
| Answer: | Yes. |
| Question: | It could mean that too, right? |
| Answer: | Yes. |

(N.T. 1/11/07 170-71.) Petitioner argues that an expert would testify that "lick down" means "anything from a verbal put down to winning a fist fight or causing bodily injury." (Objs. at 5.) Review of this cross-examination testimony demonstrates that Mr. Scott already provided that definition to the jury. Thus, Trial Counsel was not ineffective for failing to call an expert to elicit testimony that he already successfully elicited on cross-examination of a lay witness. *See, e.g.*, *Boggs v. Diguglielmo*, 2006 WL 563025, at *11 (E.D. Pa. 2006) (citing *Com. v. Williams*, 640 A.2d 1251, 1265 (Pa. 1994)). Further, Petitioner suffered no prejudice as the jury already heard the desired testimony.

In conclusion, the Superior Court correctly found this claim to be meritless. Petitioner's objections are overruled and the R&R is adopted and affirmed.

**IV.    Conclusion**

Petitioner's request for relief is denied. Because Petitioner failed to make a substantial showing of the denial of any constitutional right, the Court finds that reasonable jurists would not

disagree with this Court's holding, therefore, a certificate of appealability shall not issue. *See, e.g.*, 28 U.S.C. § 2253(c)(2); *Santana v. United States*, 98 F.3d 752, 757 (3d Cir. 1996).

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. DARNELL JONES, II, J.